UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| GEORGE FLETCHER JOHNSON, | * | |
| | * | |
| VERSUS | * | CIVIL ACTION NO. |
| | * | |
| | * | JUDGE: |
| ANKER INNOVATIONS LIMITED, | * | |
| ANKER TECHNOLOGY | * | MAGISTRATE: |
| CORPORATION, | * | |
| FANTASIA TRADING LLC, and | * | |
| TARGET CORPORATION | * | |
| | * | |

---

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

Plaintiff, **GEORGE FLETCHER JOHNSON**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **GERTLER LAW FIRM** hereby submits the following Complaint and Demand for Jury Trial against Defendants **ANKER INNOVATIONS LIMITED, ANKER TECHNOLOGY CORPORATION, FANTASIA TRADING LLC** and **TARGET CORPORATION** (hereafter collectively referred to as "Defendants"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for personal injuries and damages suffered by Plaintiff after Plaintiff purchased and used an Anker Power Bank, Model No. A1652 (referred to hereafter as "power bank(s)" or "subject power bank") designed, manufactured, distributed, marketed, advertised, promoted, distributed, and sold by the Defendants.

1

2.      On or about September 18, 2025 the Consumer Products Safety Commission ("CPSC") issued a recall involving the subject power bank.  The CPSC reported that "[t]he lithium-ion battery in the power bank can overheat, posing fire and burn hazards to consumers."  A copy of the Recall Notice is attached hereto as Exhibit A and incorporated by reference.

3.      On or about April 30, 2024 Plaintiff purchased the Target located at 250 E. Miracle Strip Pkwy, Mary Esther, FL 32569.

4.      On or about October 20, 2024, Plaintiff was using the power bank consistent with its intended purpose of charging other devices. As power bank was sitting on his nightstand, Plaintiff heard a hissing noise. As Plaintiff went to check the subject power bank it suddenly and unexpected exploded, resulting in, *inter alia*, significant burn injuries to his hand.

5.      Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their power banks to consumers and failing to warn said consumers of the serious risks posed by the defects s to Plaintiff and consumers like him.

6.      As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## **GEORGE FLETCHER JOHNSON**

7.      Plaintiff is a resident and citizen of the City Baton Rouge, Parish of East Baton Rouge, State of Louisiana. Plaintiff therefore is a resident and citizen of the State Louisiana for purposes of diversity pursuant to 28 U.S.C. § 1332.

8.      On or about April 30, 2024 Plaintiff purchased the Target located at 250 E. Miracle Strip Pkwy, Mary Esther, FL 32569.

9.      On or about October 20, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the subject power bank entering a thermal runaway[1] event.

**DEFENDANTS ANKER INNOVATIONS LIMITED, ANKER TECHNOLOGY CORPORATION, FANTASIA TRADING LLC and TARGET CORPORATION**

10.     Defendant Anker Innovations is a Hong Kong company with its principal place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, People's Republic of China, and as such is deemed a citizen of the People's Republic of China for purposes of diversity pursuant to 28 U.S.C. 28 U.S.C. § 1332. Anker Innovations designs and manufactures power banks, including the subject power bank, for export and sale throughout the world, including throughout the United States, including in Louisiana.

11.     Defendant Anker Technology is a Delaware corporation principal place of business in Bellevue, Washington, and as such is deemed a citizen of the States of Washington and Delaware for purposes of diversity pursuant to 28 U.S.C. 28 U.S.C. § 1332. Anker Technology designs and manufactures power banks, including the subject power bank, for export and sale throughout the world, including throughout the United States, including in Louisiana.

12.      Defendant Fantasia is a Delaware limited liability company headquartered in Ontario, California, and as such is deemed a citizen of the State of California for purposes of diversity pursuant to 28 U.S.C. 28 U.S.C. § 1332. Fantasia sells power banks, including the subject power bank, throughout the United States, including in Louisiana.

13.     Target Corporation is a Minnesota corporation with its principal place of business located in Minneapolis, MN 55403, and as such is deemed a citizen of the State of Minnesota for purposes

---

[1]   Thermal runaway refers to a chemical reaction in which a repeating cycle of excessive heat causes more heat until an explosion occurs. According to the USFA, one of the main causes of thermal runaway is the battery overheating. *See generally*, U.S. Fire Administration, "Electronic Cigarette Fires and Explosions in the United States 2009 – 2016," updated July 2017.

of diversity pursuant to 28 U.S.C. § 1332. Target sells power banks, including the subject power bank, throughout the United States, including in Louisiana.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants named herein have sufficient minimum contacts with the State of Louisiana and intentionally availed itself of the markets within Louisiana through the promotion, sale, marketing, and distribution of the power banks as described herein.

## FACTUAL BACKGROUND

17.     Defendants are engaged in the business of designing, manufacturing, marketing, importing, distributing, and selling sells a variety of consumer electronics, including the D Anker Power Bank, Model No. A1652 that is at issue in this case.

18.     Power Banks, like the subject power bank, are comprised of a series of smaller lithium-ion "cells."  The number of cells contained in each pack typically ranges from four to eight

19.     According to the U.S. Department of Energy, each individual lithium-ion cell is comprised of an anode, a cathode, a separator, an electrolyte, and two collectors, and, in the simplest terms, works as such:

> The anode and the cathode store the lithium. The electrolyte carries positively charged lithium ions from the anode to the cathode and vice versa through the separator. The movement of the lithium ions creates free electrons in the anode which creates a charge at the positive current collector.  The electrical current then

4

flows from the current collector through a device being powered (cell phone, computer, etc.) to the negative current collector. The separator blocks the flow of electrons inside the battery…While the battery is discharging and providing an electric current, the anode releases lithium ions to the cathode, generating a flow of electrons from one side to the other.  When plugging in the device, the opposite happens: Lithium ions are released by the cathode and received by the anode.[2]

20.     Lithium-ion batteries are highly-favored for use in rechargeable, portable devices because they have a high "energy density" – compared to other types of batteries, lithium-ion batteries can store a higher amount of energy in a smaller space.

21.     However, the electrolytes contained in lithium-ion cells are incredible flammable, and lithium-ion batteries carry a significantly increased risk of explosion when compared to traditional batteries.

22.     The materials used in lithium-ion cells are, typically, thermally unstable. This instability makes lithium-ion cells particularly susceptible to a hazard known as "thermal runaway."

23.     Thermal runaway can be described as "a phenomenon in which the lithium-ion cell enters and uncontrollable, self-heating state" resulting in "[e]jection of gas, shrapnel and/or particulates (violent cell venting); extremely high temperatures; smoke; [and/or] fire."[3]

24.     Normally, in properly functioning lithium-ion cells, the only chemical action or reaction taking place is the movement of lithium ions between the positive and negative collectors, as described above. While it is expected that the battery's normal processes will generate some heat, any heat generated should be able to dissipate from the cell.

25.     Thermal runaway occurs when a lithium-ion cell becomes so hot that it starts to self-generate heat, and heat is being generated much faster than it is dissipating.

---

[2] *See* https://www.energy.gov/energysaver/articles/how-lithium-ion-batteries-work (last accessed October 8, 2025).
[3] *See* https://ul.org/research/electrochemical-safety/getting-started-electrochemical-safety/what-thermal-runaway (last accessed October 8, 2025).

26.    As the temperature of the cell increases, the electrolyte solution in the cell starts to decompose.  This decomposition leads to an increase in pressure inside the cell, which in turn causes the temperature of the cell to increase even further.

27.    Once a critical temperature is reached, the cell's cathode begins to shed oxygen, making the cell combustible due to the reaction between the electrolyte solution and oxygen. This release of oxygen induces a chain reaction with the electrolyte medium in the cell and as the battery continues to heat up and generate gas, the pressure within the cell continues to build-up until, eventually, the cell explodes.  In battery packs like the one used in the subject power bank, excessive heating in one cell can cause the next to fail and begin to overheat, leading to failure and destruction of the entire battery pack.

28.    A variety of factors influence a cell's susceptibility to thermal runaway, including the history of the cell (e.g. the number of total discharges and charges) or the load applied to the cell (if the cell is overcharged or over-discharged). However, thermal runaway can also occur if the lithium-ion cells are improperly designed or defectively manufactured.

29.    A well-designed and manufactured separator is supposed to melt at the point of the internal short circuit, resulting in a shutdown of the cell and prevention of thermal runaway. However, if the separator is poorly designed or constructed, it may not shutdown or prevent thermal runaway.

30.    In addition, well-designed and manufactured battery packs should possess a number of safety features which would prevent, or greatly reduce, the risk of thermal runaway. These features include temperature sensors, voltage converters/regulator circuits, shrouded connectors, voltage taps, cell regulation within the individual cells, and properly functioning vents in the individual cells.

31.     If any of these features is lacking, or has been poorly designed or constructed, the results can be catastrophic.

32.     On or about April 30, 2024 Plaintiff purchased the Target located at 250 E. Miracle Strip Pkwy, Mary Esther, FL 32569.

33.     On or about October 20, 2024, Plaintiff was using the power bank consistent with its intended purpose of charging other devices. As power bank was sitting on his nightstand, Plaintiff heard a hissing noise. As Plaintiff went to check the subject power bank it suddenly and unexpected exploded, resulting in, *inter alia*, significant burn injuries to his hand.

34.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or his family purchased and used the power bank with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use as a power bank.

35.     Plaintiff used the subject power bank for its intended purpose and did so in a manner that was reasonable and foreseeable by the Defendant.

36.     However, the aforementioned power bank was defectively and negligently designed and manufactured in that it failed to properly function as to prevent it from overheating and suddenly and unexpectedly bursting into flames or exploding; placing the Plaintiff, his family, and similar consumers in danger while using the power banks.

37.     The subject power banks possess defects that make them unreasonably dangerous for their intended use by consumers because of the risk the power banks will overheat, enter thermal runaway, or otherwise catch fire and/or explode.

38.     Economic, safer alternative designs were available that could have prevented the events as described herein.

7

39.    Defendant knew or should have known that its power banks possessed defects that pose a serious safety risk to Plaintiff and the public.

40.    As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous power bank, which resulted in significant and painful bodily injuries to Plaintiff.

41.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the power bank as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, property damage, diminished enjoyment of life, and other damages.

42.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

**CAUSES OF ACTION**
**PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT**
**LSA-R.S. 9:2800.52,** *et. seq.*

43.    At the time of Plaintiff's injuries, Defendant's battery cells, including the subject cell, were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

44.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

45.    Defendant, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 et seq., is liable unto Plaintiff for his injuries and damages for inspecting, labeling, marketing, advertising, promoting, distributing, and/or selling the aforesaid power bank that was unreasonably dangerous in construction or composition, in design, because

adequate warnings about the product had not been provided, and/or because the subject cell did not conform to the implied and express warranties.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES AND DAMAGES

46.    As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the injuries he suffered from the incident.

47.    As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the injuries he suffered from the incident.

48.    As a direct and proximate cause of Defendants' collective negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the injuries he suffered from the incident.

49.    Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including exemplary damages if applicable, to which he is entitled by law, as well as all costs of

this action and interest to the full extent of the law, whether arising under the common law and/or

statutory law, including:

a.  judgment for Plaintiff and against Defendant;

b.  damages to compensate Plaintiff for him injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' power banks;

c.   pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case; and

e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

**GERTLER LAW FIRM**

Dated: October 9, 2025

*/s/ Louis L. Gertler, Esq*
Louis L. Gertler, Esq. (#23091)
935 Gravier Street, Suite 1900
New Orleans, LA 70112
(504) 581-6411
lgertler@gertlerfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

***Attorneys for Plaintiff***